NO. 07-10-0335-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL E

 AUGUST 19, 2011

 BRANDON MICHAEL PENNINGTON, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

 NO. 43,164-B; HONORABLE JOHN B. BOARD, JUDGE

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]

 MEMORANDUM OPINION

 Appellant, Brandon Michael Pennington, appeals from a judgment revoking his deferred
adjudication community supervision, adjudicating him guilty of the offense of intentionally and
knowingly possessing a controlled substance, methamphetamine, in an amount of 200 grams or more but
less than 400 grams by aggregate weight and sentencing him to fifty years confinement.[2]
Appellant's attorney filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967), and certifies there are no non-frivolous issues to appeal. Agreeing
with appointed counsel's conclusion that the record fails to show any arguably meritorious issue
that could support the appeal, we affirm the trial court's judgment.

 In December 2000, Appellant was indicted for possession of a controlled substance,
methamphetamine, in an amount of 200 grams or more but less than 400 grams by aggregate weight. In
June 2001, pursuant to a plea agreement, Appellant pleaded guilty as charged in the indictment, and
received deferred adjudication community supervision for a period of ten years and a $10,000.00
fine. Appellant's deferred adjudication was conditioned on his compliance with the specified terms
and conditions of the trial court's Order Deferring Adjudication And Placing [Appellant] On
Community Supervision.

 In April 2010, the State filed a Motion to Proceed with Adjudication of Guilt on Original
Charge alleging three violations of the terms of Appellant's deferred adjudication community
supervision. In July 2010, the State filed an Amended Motion to Proceed with Adjudication of Guilt
on Original Charge (Motion) adding two additional violations of the terms of Appellant's deferred
adjudication community supervision. This Motion was heard by the trial court in July 2010. At the
hearing, the State waived two allegations and Appellant pled "true" to the remaining three
allegations. Thereafter, the trial court heard evidence from three deputies of the Potter County
Sheriff's Office, Appellant's Probation Officer and Appellant.

 Based on Appellant's pleas of "true" and the evidence provided at the hearing, the trial court
revoked Appellant's community supervision, adjudicated him guilty of possession of a controlled
substance as alleged in the December 2000 indictment and assessed his punishment at fifty years
confinement. The trial court certified Appellant's right to appeal, and he timely filed a notice of
appeal.

 Thereafter, Appellant's appointed appellate counsel filed a motion to withdraw certifying that
he has conducted a conscientious examination of the record and, in his opinion, the record reflects
no potentially plausible basis to support an appeal. Anders, 386 U.S. at 744-45; In re Schulman,
252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under controlling
authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).
Counsel has also demonstrated that he has complied with the requirements of Anders and In re
Schulman by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a
pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition
for discretionary review. In re Schulman, 252 S.W.3d at 408.[3] Appellant did file a pro se
response to his counsel's brief.[4] The State filed no response to either Appellant's brief or pro
se response.

 By his Anders brief, counsel raises two arguable issues. Counsel questions (1) whether
Appellant's trial counsel was ineffective because he permitted Appellant to plead "true" to three of
the State's allegations and (2) whether the trial court had jurisdiction to consider the State's
Motion. Counsel then candidly reviews each arguable issue and explains why no reversible error is
presented.

 When we have an Anders brief by counsel and a pro se response by an appellant, we have two
choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that
we have reviewed the record and find no reversible error; Bledsoe v. State, 178 S.W.3d 824, 826-27
(Tex.Crim.App. 2005) (citing Anders, 386 U.S. at 744), or, we may determine that arguable grounds
for appeal exist and remand the cause to the trial court so that new counsel may be appointed to
brief issues. Id. (citing Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991)). "Only after
the issues have been briefed by new counsel may a court of appeals address the merits of the
issues." 178 S.W.3d at 827.

 We have reviewed counsel's arguments and we have independently examined the entire record to
determine whether there are any non-frivolous issues which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252
S.W.3d at 409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such
issues. See Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). After reviewing the
record, counsel's brief and Appellant's pro se response, we find nothing in the record that might
arguably support the appeal. See Bledsoe, 178 S.W.3d at 826-27 (holding that it is constitutional
error for an appellate court to address nonmeritorious arguments raised in a pro se response to an
Anders brief).

 Here, the record provides no reason to doubt that Appellant freely, knowingly, and voluntarily
entered his plea of "true" to three allegations contained in the State's Motion. A plea of "true"
to even one allegation in the State's Motion is sufficient to support a judgment revoking community
supervision. Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); Lewis v. State, 195 S.W.3d
205, 209 (Tex.App.--San Antonio 2006, pet. denied).

 In addition, we note that the judgment adjudicating guilt contains language ordering the
Appellant to pay court costs in accordance with an attached Bill of Costs, which includes attorney's
fees of $1,200.00.[5] Court costs and the assessment of attorney's fees pursuant to article
26.05(g) of the Texas Code of Criminal Procedure, as reflected in a certified bill of costs, are
effective regardless of whether or not they were orally pronounced in open court or specifically
stated in the judgment. Armstrong v. State, 340 S.W.3d 759, 766-67 (Tex.Crim.App. 2011). The
assessment of attorney's fees must, however, be supported by sufficient evidence. Without record
evidence demonstrating a defendant's financial ability to offset the costs of legal services, a
trial court errs if it orders reimbursement of court-appointed attorney's fees. See Tex. Code Crim.
Proc. Ann. art. 25.05(g) (West Supp. 2010); Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App. 2010).
Here, the record contains no evidence and no determination by the trial court that Appellant has
financial resources enabling him to pay such fees. Accordingly, the District Clerk is ordered to
amend the Bill of Costs by deleting the obligation to pay attorney's fees in the amount of
$1,200.00. See Haney v. State, No. 07-09-0205-CR, 2010 Tex. App. LEXIS 7229, at *2 (Tex.App.--
Amarillo Sept 1, 2010, no pet.) (mem. op., not designated for publication) (modifying judgment by
deleting order to pay attorney's fees before affirming conviction in frivolous appeal under Anders).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is
affirmed as modified by the amended Bill of Costs.

 Patrick A. Pirtle
 Justice
Do not publish.
-----------------------
[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. § 75.002(a)(1) (West 2005).

[2]See Tex. Health & Safety Code Ann. § 481.114(d) (West 2010). This offense is a first degree
felony punishable by imprisonment for any term of not more than life or ninety-nine years or less
than five years and a fine not to exceed $10,000.00. Tex. Penal Code § 12.32 (West 2011).

[3]Notwithstanding that Appellant was informed of his right to file a pro se petition for
discretionary review upon execution of the Trial Court's Certification of Defendant's Right of
Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides
that counsel shall within five days after this opinion is handed down, send Appellant a copy of the
opinion and judgment together with notification of his right to file a pro se petition for
discretionary review. Tex. R. App. P. 48.4; See In re Schulman, 252 S.W.3d at 408 n.22 & 411 n.35.

[4]By his pro se response, Appellant raises four issues. He questions (1) whether his counsel was
ineffective, (2) whether the trial court should have sua sponte ordered that Appellant undergo a
competency examination; (3) whether his sentence is excessive, (4) whether the testimony offered by
deputies of the Potter County Sheriff's Department was biased and hearsay and (5) whether the trial
court should have held a suppression hearing.

[5]The Clerk's Record includes a Judgment Adjudicating Guilt, signed August 2, 2010, which
references "Court Costs: see attached," immediately followed by a Bill of Costs, dated August 6,
2010, which includes attorney's fees in the sum of $1,200.00.